IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00295-PAB-CYC

PROFESSIONAL BACKGROUND SCREENING ASSOCIATION,

    Plaintiff,

v.

PHILIP J. WEISER, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE OF
COLORADO,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendant Philip J. Weiser and plaintiff Professional Background Screening Association cross-move for orders staying discovery and authorizing jurisdictional discovery, respectively. ECF Nos. 9, 21. Because the plaintiff raises a jurisdictional issue requiring further factual development, the Court grants its motion in part. Because the parties agree that a partial stay is appropriate, the Court also grants the defendant's motion in part.

    By way of background, the complaint alleges that the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, preempts Colo. Rev. Stat. § 5-18-109, part of the Colorado Consumer Credit Reporting Act (the "CCRA"). ECF No. 1 ¶¶ 62–82. The plaintiff sues the defendant in his official capacity as Colorado Attorney General, alleging that he intends to enforce the CCRA. *Id.* ¶ 42. In response, the defendant asserted a "lack of subject-matter jurisdiction" by way of motion, Fed. R. Civ. P. 12(b)(1), arguing entitlement to sovereign immunity under the Eleventh Amendment of the United States Constitution, ECF No. 8 at 4–9, and a lack of standing for the

plaintiff, *id.* at 9–14. The defendant thereafter moved for a stay of discovery pending resolution of the motion to dismiss. ECF No. 9. The plaintiff agreed to a stay of merits discovery but cross-moved for discovery on the defendant's jurisdictional arguments. ECF No. 21.

"[W]here issues arise as to jurisdiction . . . , discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Such "[d]iscovery is often necessary because jurisdictional requirements rest on facts that can be disputed." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964–65 (8th Cir. 2016). Whether to grant jurisdictional discovery is a matter of a district court's discretion, but "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citations omitted). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). "The party seeking discovery bears the burden of showing prejudice." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (citing *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010)).

Here, the plaintiff's primary contention posits that information about the extent to which the defendant intends to enforce the CCRA in the future is material to the motion to dismiss. ECF No. 21 at 7, 10. Indeed, courts have found a state "Attorney General" having "*never* stated or even suggested that the statute would *not* be enforced in the future" to be a relevant consideration in similar cases, assigning it "obvious materiality." *Consumer Data Indus. Ass'n v. Texas through Paxton*, No. 21-51038, 2023 WL 4744918, at *4–5 (5th Cir. July 25, 2023). Following this logic, a magistrate judge in the Western District of Texas granted jurisdictional

2

discovery regarding the threat of future enforcement by the state attorney general of a credit-reporting statute in a case similar to this one. *See* Motions Hr'g Tr. 2–3, 33–36, *Pro. Background Screening Ass'n v. Paxton*, No. 1:25-cv-00125-DAE, ECF No. 20 ("W.D. Tex. Tr.") (W.D. Tex. June 17, 2025); Order, *Pro. Background Screening Ass'n v. Paxton*, No. 1:25-cv-00125-DAE, ECF No. 18 (W.D. Tex. May 13, 2025). Some jurisdictional discovery as to the defendant's future intent to enforce the CCRA, then, seems appropriate.

The defendant resists this conclusion. To merit jurisdictional discovery, he says, the plaintiff must posit specific facts it hopes to prove through discovery or have introduced evidence creating a concrete dispute of fact. ECF No. 25 at 5. To be sure, when a plaintiff "specifies which documents he would have sought in discovery and describes their relevance to" jurisdiction, such efforts are sufficient. *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 611 (10th Cir. 2017). So too when "plaintiffs provide[] adequate contrary evidence . . . to give rise to a colorable factual dispute on" jurisdiction. *Funk v. Belneftekhim*, 861 F.3d 354, 367 (2d Cir. 2017). But the defendant cites no case, nor has the Court found one, adopting such requirements to open jurisdictional discovery. To the contrary, courts have cited "a 'need for further factual development'" when granting jurisdictional discovery, *Finn*, 689 F. App'x at 611 (quoting *Sizova*, 282 F.3d at 1328), and noted that "[w]hen . . . there is a factual question regarding a . . . sovereign's entitlement to immunity, and thus a factual question regarding a district court's jurisdiction, the district court must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Id.* at 610 (quoting *Hansen v. PT Bank Negara Indon. (Persero), TBK*, 601 F.3d 1059, 1063–64 (10th Cir. 2010)). When denying jurisdictional discovery, by contrast, they have characterized the request "as a fishing expedition," *Breakthrough*, 629 F.3d at 1190, or "pure speculation as to the existence of helpful

3

facts." *Dental Dynamics*, 946 F.3d at 1234. To hold the plaintiff to the defendant's proposed standard, then, would set the bar too high.

The defendant pivots. Speculation, he says, is all the plaintiff has to back its request for discovery about future enforcement. ECF No. 25 at 4–7. It is true that the plaintiff's allegations about the defendant's intent to enforcement of the CCRA rest on information and belief. ECF No. 1 ¶ 42. And, of course, "the well-established rule" is "that '[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.'" *Nancy P. Assad Trust v. Berry Petrol. Co.*, No. 13-cv-00544-PAB, 2013 WL 1151912, at *3 (D. Colo. Mar. 20, 2013) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)). But while the defendant "is correct that a plaintiff 'bears the burden of proving the court's jurisdiction,' the general rule is that 'the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.'" *Bussey v. Macon Cnty. Greyhound Park, Inc.*, No. 3:10-CV-191-WKW, 2011 WL 1216296, at *12 (M.D. Ala. Mar. 31, 2011) (quoting *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)). "This is particularly true 'where the facts are peculiarly within the knowledge of the opposing party.'" *Id.* (quoting *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). So it is here: the defendant's intent, or lack thereof, to enforce the CCRA is something exclusively within the defendant's possession. And if this were a claim of jurisdiction "both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery," *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)), but there are no such specific denials as to the threat of enforcement. "Given the ease by which this point" of

4

Case No. 1:25-cv-00295-PAB-CYC   Document 28   filed 10/10/25   USDC Colorado
pg 5 of 6

future enforcement "could be clarified by the . . . Attorney General," at this point, "the omission is telling." *Consumer Data Indus. Ass'n*, 2023 WL 4744918, at *5.

To be sure, the plaintiff may not ultimately prevail as to jurisdiction. The defendant may admit, for example, that he has no present or future intent to enforce the CCRA. Or, "although it may be relevant for standing," it may be that his "failure to disavow prosecutions after this litigation concludes is not a basis for finding *Ex parte Young*[, 209 U.S. 123 (1908),] applies" as an exception to Eleventh Amendment immunity. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 331 (5th Cir. 2024); *see Minn. RFL Repub. Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022) ("[T]heir failure to disavow future prosecutions is not fatal to their claim of Eleventh Amendment immunity."). But given the defendant's hedging as to the threat of present or future enforcement, *see* ECF No. 21-4 at 3–4, characterizing the plaintiff's request as a mere grasping at straws goes too far.

"Of course, 'discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination,' and a discovery order should be 'narrowly tailored . . . to the precise jurisdictional fact question presented.'" *Finn*, 689 F. App'x at 611 (quoting *Hansen*, 601 F.3d at 1064). In line with that principle, the magistrate judge in the Western District of Texas found that jurisdictional discovery did not require "request[s] for production of documents or . . . a deposition." W.D. Tex. Tr. at 35:24–25. A similar narrowing, the contours of which the plaintiff outlines in its reply, ECF No. 26 at 9–10,[1] is appropriate here.

The short of it is that the question of whether there exists a threat of present or future enforcement of the CCRA by the defendant is a matter requiring further, if limited, factual

---

[1] Because these requests also encompass whether the defendant's Administrator of the Consumer Credit Code enforces the CCRA, it is unnecessary to address that argument separately.

development. *Sizova*, 282 F.3d at 1328. For the foregoing reasons, the plaintiff's Cross-Motion for Leave to Serve Jurisdiction Discovery, ECF No. 21, is **GRANTED in part**. The plaintiff is granted leave to serve proposed Interrogatories 1–3 and Requests for Admission 1–8 and shall do so on or before October 17, 2025. Responses will be due on or before November 17, 2025.

In addition, for good cause shown, and after consideration of the factors enunciated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), the defendant's Partially Unopposed Motion To Stay Discovery and To Vacate Deadline for Scheduling Order and Scheduling Conference, ECF No. 9, is **GRANTED in part**. Aside from the limited carveout for jurisdictional discovery previously outlined, a stay will not prejudice the plaintiff, will avoid burdening the parties with the costs of litigating while the Court considers the Motion to Dismiss, promotes judicial economy and efficiency, has a beneficial impact on nonparties as it does not burden them with unnecessary discovery, and is in the public interest. Accordingly, it is further ORDERED that this case is **STAYED** pending resolution of the defendant's Motion to Dismiss, ECF No. 8.

If the District Judge does not deny the defendant's Motion to Dismiss without prejudice based on this Order, it is further ORDERED that the plaintiff's response to the motion shall be filed on or before December 8, 2025. Within **seven days** of the District Judge's ruling on the Motion, if any of the plaintiff's claims remain, the parties shall contact the undersigned's chambers via email to set a new date for a Scheduling Conference.

Dated this 10th day of October, 2025 at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge